# EXHIBIT A

FILED: NEW YORK COUNTY CLERK 02/15/2017 01:20 PM   INDEX NO. 151489/2017

NYSCEF DOC. NO. 1   RECEIVED NYSCEF: 02/15/2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------X

TIMOTHY WHITE,

Plaintiff,

-against-

ESPOSITO REALTY LLC, SUPERINTENDENT
"JOHN ROE", said name being fictitious and
unknown, THE CITY OF NEW YORK and
NEW YORK CITY POLICE DEPARTMENT, and
"JOHN and JANE DOES 1-10", said names being
fictitious and intended to represent individual officers
of the New York City Police Department,

Defendants.

------------------------------------------------------------X

To the above named Defendant(s)

Index No. 151489/2017

Dated Filed: 2/15/17

Plaintiff designates
New York County as the
place of trial

The basis of venue is
Place of occurrence

**SUMMONS**

Plaintiff resides at
1040 Neilson Street
Far Rockaway, NY 11691

**YOU ARE HEREBY SUMMONED** to answer the Verified Complaint in this action and to
serve a copy of your Answer, or, if the Verified Complaint is not served with this Summons, to serve a
Notice of Appearance, on the Plaintiff's attorney(s) within 20 days after the service of this Summons,
exclusive of the day of service (or within 30 days after the service is complete if this Summons is not
personally delivered to you within the State of New York); and in the case of your failure to appear or
answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: New York, New York
    February 14, 2017

Defendants' addresses:

ESPOSITO REALTY LLC
500 Ninth Avenue
New York, NY 10018

THE CITY OF NEW YORK
100 Church Street
New York, NY   10007

NEW YORK CITY POLICE DEPARTMENT
1 Police Plaza
New York, NY   10007

Yours, et.,

THE COCHRAN FIRM
Attorney for Plaintiff

By:   Rudyard F. Whyte
55 Broadway, 23rd Floor
New York, NY   10006
Tel No.: (212) 227-9740

FILED: NEW YORK COUNTY CLERK 02/15/2017 01:20 PM
NYSCEF DOC. NO. 1

INDEX NO. 151489/2017
RECEIVED NYSCEF: 02/15/2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------------------------------------X

TIMOTHY WHITE,

Index No.: *151489/2017*

                        Plaintiff,

-against-

ESPOSITO REALTY LLC, SUPERINTENDENT
"JOHN ROE", said name being fictitious
and unknown, THE CITY OF NEW YORK and
NEW YORK CITY POLICE DEPARTMENT, and
"JOHN and JANE DOES 1-10", said names being
fictitious and intended to represent individual officers
of the New York City Police Department,

**VERIFIED COMPLAINT**

Filed on: *2/15/17*

                        Defendants.

---------------------------------------------------------------X

      Plaintiff TIMOTHY WHITE, by and through his attorneys, THE COCHRAN FIRM, as and for his Verified Complaint in this action against the Defendants, hereby alleges as follows:

<u>AS AND FOR A FIRST CAUSE OF ACTION:</u>

    1.    This is an action to redress the deprivation under color of statute, ordinance, regulation, custom or usage of a right, privilege and immunity secured to the plaintiff by the First, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States (42 U.S.C. Section 1983, 1985, 1986 and 1988, and the Constitution and Laws of the State of New York.

    2.    Each and all of the acts of the defendants herein were done by the defendants, their servants, agents and/or employees, and each of them, not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York and the City of New York, and under the authority of their office as officers of said City and State.

    3.    By reason of the foregoing, plaintiff has been damaged in an amount which

-1-

FILED: NEW YORK COUNTY CLERK 02/15/2017 01:20 PM
NYSCEF DOC. NO. 1

INDEX NO. 151489/2017
RECEIVED NYSCEF: 02/15/2017

exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein.

4. At all times herein mentioned, the defendant ESPOSITO REALTY LLC, was a domestic corporation duly existing under and by virtue of the laws of the State of New York.

5. At all times herein mentioned, the defendant ESPOSITO REALTY LLC, was a foreign corporation duly authorized to conduct business in the State of New York.

6. At all times herein mentioned, the defendant ESPOSITO REALTY LLC, was a corporation doing business in the State of New York.

7. At all times herein mentioned, the defendant, ESPOSITO REALTY LLC, was a limited liability company or other domestic business entity duly organized under and existing by virtue of the laws of the State of New York.

8. At all times herein mentioned, the defendant ESPOSITO REALTY LLC, owned a certain premises located at 358 West 38th Street, in the County, City and State of New York.

9. At all times herein mentioned, the defendant ESPOSITO REALTY LLC, its servants, agents and/or employees operated said premises.

10. At all times herein mentioned, the defendant ESPOSITO REALTY LLC, its servants, agents and/or employees maintained said premises.

11. At all times herein mentioned, the defendant ESPOSITO REALTY LLC, its servants, agents and/or employees managed said premises.

12. At all times herein mentioned, the defendant ESPOSITO REALTY LLC, its servants, agents and/or employees supervised said premises.

13. At all times herein mentioned, the defendant ESPOSITO REALTY LLC, its servants, agents and/or employees controlled said premises.

FILED: NEW YORK COUNTY CLERK 02/15/2017 01:20 PM    INDEX NO. 151489/2017
NYSCEF DOC. NO. 1                                    RECEIVED NYSCEF: 02/15/2017

14.     At all times herein mentioned, the defendant ESPOSITO REALTY LLC, hired, employed and assigned certain servants, agents, superintendents, directors, supervisors and other personnel, to work as representatives of ESPOSITO REALTY LLC at said premises.

15.     At all times herein mentioned, the defendant ESPOSITO REALTY LLC, had the duty to ensure that the actions, activities and behavior of its said servants, agents, superintendents, directors, supervisors and/or employees conform to a certain standard of conduct established by law for the protection of others against unreasonable risk of harm.

16.     At all times herein mentioned, the defendant ESPOSITO REALTY LLC, had the duty to ensure that its said servants, agents, superintendents, directors, supervisors and/or employees conduct themselves in such a manner so as not to intentionally, wantonly and/or negligently result in injuries to others, including the plaintiff herein.

17.     At all times herein mentioned, the defendant ESPOSITO REALTY LLC, had the duty to ensure that its said servants, agents, superintendents, directors, supervisors and/or employees conduct themselves in such a manner so as not to intentionally, wantonly and/or negligently result in injuries to others, including the plaintiff herein.

18.     At all times hereinafter mentioned, the defendant ESPOSITO REALTY LLC, employed the defendant SUPERINTENDENT "JOHN ROE", said name being fictitious and unknown, to work as a representative of ESPOSITO REALTY LLC at said premises.

19.     At all times hereinafter mentioned, the defendant SUPERINTENDENT "JOHN ROE", said name being fictitious and unknown, was employed by the defendant ESPOSITO REALTY LLC to act as a servant, agent, employee, superintendent, officer, supervisor, chief manager and/or director at said premises.

20.     At all times hereinafter mentioned, the defendant SUPERINTENDENT "JOHN

FILED: NEW YORK COUNTY CLERK 02/15/2017 01:20 PM

NYSCEF DOC. NO. 1

INDEX NO. 151489/2017

RECEIVED NYSCEF: 02/15/2017

ROE", said name being fictitious and unknown had the duty to conduct himself in a manner which conformed to that certain standard of conduct established by law for the protection of others against unreasonable risk of harm.

21.    At all times hereinafter mentioned, the defendant SUPERINTENDENT "JOHN ROE", said name being fictitious and unknown had the duty to conduct himself in such a manner so as not to intentionally, wantonly and/or negligently result in injuries to others, including the plaintiff herein.

22.    At all times hereinafter mentioned, the defendant ESPOSITO REALTY LLC had the duty to ensure that the actions, activities and behavior of the defendant SUPERINTENDENT "JOHN ROE", said name being fictitious and unknown conformed to a certain standard of conduct established by law for the protection of others against unreasonable risk of harm.

23.    At all times hereinafter mentioned, the defendant ESPOSITO REALTY LLC had the duty to ensure that the defendant SUPERINTENDENT "JOHN ROE", said name being fictitious and unknown conduct himself in such a manner so as not to intentionally, wantonly and/or negligently result in injuries to others, including the plaintiff herein.

24.    On the 10th day of May, 2016, the plaintiff TIMOTHY WHITE, was lawfully and peacefully present upon the said premises of the defendant ESPOSITO REALTY LLC, located at 358 West 38th Street, in the County, City and State of New York.

25.    On the 10th day of May, 2016, the defendant SUPERINTENDENT "JOHN ROE", said name being fictitious was present upon the said premises of the defendant ESPOSITO REALTY LLC, located at 358 West 38th Street, in the County, City and State of New York, in the course and scope of his employment.

26.    On the 10th day of May, 2016, certain police officers of the defendant THE CITY

FILED: NEW YORK COUNTY CLERK 02/15/2017 01:20 PM
NYSCEF DOC. NO. 1

INDEX NO. 151489/2017
RECEIVED NYSCEF: 02/15/2017

OF NEW YORK and/or NEW YORK CITY POLICE DEPARTMENT, were present, called and/or summoned to said premises of the defendant ESPOSITO REALTY LLC, located at 358 West 38th Street, in the County, City and State of New York, in the course and scope of their employment as police officers.

27.     On the 10th day of May, 2016, certain police officers of the defendant THE CITY OF NEW YORK and/or NEW YORK CITY POLICE DEPARTMENT, were present upon the said premises of the defendant ESPOSITO REALTY LLC, located at 358 West 38th Street, in the County, City and State of New York, in response to a complaint by the defendant ESPOSITO REALTY LLC and SUPERINTENDENT "JOHN ROE", said name being fictitious and unknown.

28.     On the 10th day of May, 2016, the plaintiff was illegally, falsely and wrongfully arrested and/or caused, compelled, ordered and directed by the defendants, their servants, agents, superintendent, directors, supervisors, police officers, and/or employees to be arrested.

29.     On the 10th day of May, 2016, the defendant, ESPOSITO REALTY LLC, its servants, agents, superintendent, directors, supervisors and/or employees caused, compelled, ordered and directed the arrest of the plaintiff by police officers of the New York City Police Department, without probable or just cause, evidence, provocation or warrant.

30.     On the 10th day of May, 2016, the defendants THE CITY OF NEW YORK and/or NEW YORK CITY POLICE DEPARTMENT, their police officers, servants, agents, supervisors and/or employees caused, allowed, ordered and directed the arrest of the plaintiff by police officers of the New York City Police Department, without probable or just cause, evidence, provocation or warrant, pursuant to the complaint of the defendants ESPOSITO REALTY LLC and SUPERINTENDENT "JOHN ROE", said name being fictitious and

FILED: NEW YORK COUNTY CLERK 02/15/2017 01:20 PM

NYSCEF DOC. NO. 1

INDEX NO. 151489/2017

RECEIVED NYSCEF: 02/15/2017

unknown.

31.     On the 10th day of May, 2016, and for a prolonged period of time thereafter, the defendants accused the plaintiff of crimes of which he was wholly innocent.

32.     On the 10th day of May, 2016, and for a prolonged period of time thereafter, the plaintiff was falsely, wrongfully and illegally arrested, detained, imprisonment, assaulted, beaten, battered, handled with excessive force and violent and maliciously prosecuted by the defendants for such crimes with which the defendants falsely, illegally and wrongfully accused and charged the plaintiff, without probable or just cause, evidence, provocation or warrant.

33.     By reason of the foregoing, the plaintiff was caused to suffer severe and serious injuries and damages both physically and mentally, suffered grievous harm, embarrassment, defamation of character, damage to his good name, credit, character and reputation, and plaintiff was subjected to extreme public humiliation, scorn, contempt, derision and ridicule.

34.     By reason of the foregoing, the plaintiff was caused to suffer severe and serious injuries and damages both physically and mentally, suffered grievous harm, embarrassment, defamation of character, damage to his good name, credit, character and reputation, loss of employment, and plaintiff was subjected to extreme public humiliation, scorn, contempt, derision and ridicule.

35.     Pursuant to CPLR Section 1602(2)(iv), defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of CPLR Section 1601, by reason of the fact that defendants owed the plaintiff a non-delegable duty of care.

36.     Pursuant to CPLR Section 1602(7), defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective

FILED: NEW YORK COUNTY CLERK 02/15/2017 01:20 PM
NYSCEF DOC. NO. 1

INDEX NO. 151489/2017
RECEIVED NYSCEF: 02/15/2017

of the provisions of CPLR Section 1601, by reason of the fact that defendants acted with reckless disregard of the safety of others.

37. Pursuant to CPLR Section 1602(2)(iv), defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of CPLR Section 1601, by reason of the fact that defendants are vicariously liable for the negligent acts and omissions of others who caused or contributed to the plaintiff's damages.

38. Pursuant to CPLR Section 1602(5) defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of CPLR Section 1601, by reason of the fact that defendants' wrongful conduct was intentional.

39. Pursuant to CPLR Section 1602(11), defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that defendants acted knowingly or intentionally, and in concert, to cause the acts or failures which are a proximate cause of plaintiff's injuries.

40. By reason of the foregoing, plaintiff TIMOTHY WHITE has been damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action.

### AS AND FOR A SECOND CAUSE OF ACTION:

41. Plaintiff repeats, reiterates and realleges each and every allegation as contained in the First Cause of Action of the within Complaint with the same force and effect as though each

INDEX NO. 151489/2017
RECEIVED NYSCEF: 02/15/2017

were more fully set forth at length herein.

42.    At all times herein mentioned, the defendant THE CITY OF NEW YORK was a Municipal corporation duly existing under and by virtue of the laws of the State of New York.

43.    At all times herein mentioned, the defendant THE CITY OF NEW YORK was a corporation doing business in the State of New York.

44.    At all times herein mentioned, the defendant THE CITY OF NEW YORK operated a police department as part of and in conjunction with its municipal function.

45.    At all times herein mentioned, the defendant THE CITY OF NEW YORK maintained said police department.

46.    At all times herein mentioned, the defendant THE CITY OF NEW YORK managed said police department.

47.    At all times herein mentioned, the defendant THE CITY OF NEW YORK controlled said police department.

48.    At all times herein mentioned, the defendant THE CITY OF NEW YORK, its servants, agents and/or employees employed police officers, and other personnel, to work as representatives of THE CITY OF NEW YORK.

49.    At all times herein mentioned, the defendant THE CITY OF NEW YORK had the duty to ensure that the actions, activities and behavior of its said servants, agents, police officers, and/or employees conform to a certain standard of conduct established by law for the protection of others against unreasonable risk of harm.

50.    At all times herein mentioned, the defendant THE CITY OF NEW YORK, had the duty to ensure that its said servants, agents, police officers, and/or employees conduct themselves in such a manner so as not to intentionally, wantonly and/or negligently result in

FILED: NEW YORK COUNTY CLERK 02/15/2017 01:20 PM
NYSCEF DOC. NO. 1

INDEX NO. 151489/2017
RECEIVED NYSCEF: 02/15/2017

injuries to others, including the plaintiff herein.

51.    At all times herein mentioned, it was the duty of the defendant THE CITY OF NEW YORK, its servants, agents, police officers, detectives, employees and/or personnel to provide for and/or ensure the safety, protection, security and well-being of peaceful and law-abiding citizens.

52.    At all times herein mentioned, it was the duty of the defendant THE CITY OF NEW YORK, to sufficiently hire, train and retain within the Police Academy and at the Command, Precinct and Patrol levels so as to ensure that its servants, agents, police officers, detectives, employees and/or personnel provide for and/or ensure the safety, protection, security and well-being of persons who were in the presence, proximity, custody and/or control of the said police department, officers, detectives and/or personnel.

53.    At all times herein mentioned, the defendant THE CITY OF NEW YORK had the duty to sufficiently hire, train and retain within the Police Academy and at the Command, Precinct and Patrol levels so as to ensure that the actions, activities and behavior of its said servants, agents, police officers, detectives and/or employees conform to a certain standard of conduct established by law for the protection of others against unreasonable risk of harm.

54.    At all times herein mentioned, the defendant THE CITY OF NEW YORK, had the duty to sufficiently hire, train and retain within the Police Academy and at the Command, Precinct and Patrol levels so as to ensure that its said servants, agents, police officers, detectives and/or employees conduct themselves in such a manner so as not to intentionally, wantonly and/or negligently result in injuries to others, including the plaintiff herein.

55.    At all times herein mentioned, the defendant THE CITY OF NEW YORK employed a police officer and/or officers named herein as "JOHN and JANE DOES 1-10", said

FILED: NEW YORK COUNTY CLERK 02/15/2017 01:20 PM     INDEX NO. 151489/2017

NYSCEF DOC. NO. 1                                    RECEIVED NYSCEF: 02/15/2017

names being fictitious and presently intended to represent individual officers of the New York

City Police Department, persons intended being police officers and personnel of the New York

City Police Department to work as representatives of THE CITY OF NEW YORK.

      56.     At all times herein mentioned, the defendant THE CITY OF NEW YORK had the

duty to sufficiently hire, train and retain within the Police Academy and at the Command,

Precinct and Patrol levels so as to ensure that the actions, activities and behavior of said

defendant police officer and/or officers named herein as "JOHN and JANE DOES 1-10", said

names being fictitious and presently intended to represent individual officers of the New York

City Police Department, persons intended being police officers and personnel of the New York

City Police Department conform to a certain standard of conduct established by law for the

protection of others against unreasonable risk of harm.

      57.     At all times herein mentioned, the defendant THE CITY OF NEW YORK, had

the duty to sufficiently hire, train and retain within the Police Academy and at the Command,

Precinct and Patrol levels so as to ensure that said defendant police officer and/or officers named

herein as "JOHN and JANE DOES 1-10", said names being fictitious and presently intended to

represent individual officers of the New York City Police Department, persons intended being

police officers and personnel of the New York City Police Department conduct themselves in

such a manner so as not to intentionally, wantonly and/or negligently result in injuries to others,

including the plaintiff herein.

      58.     At all times herein mentioned, the defendant NEW YORK CITY POLICE

DEPARTMENT was a Municipal corporation duly existing under and by virtue of the laws of the

State of New York.

      59.     At all times herein mentioned, the defendant NEW YORK CITY POLICE

FILED: NEW YORK COUNTY CLERK 02/15/2017 01:20 PM
NYSCEF DOC. NO. 1

INDEX NO. 151489/2017
RECEIVED NYSCEF: 02/15/2017

DEPARTMENT was a corporation doing business in the State of New York.

60. At all times herein mentioned, the defendant NEW YORK CITY POLICE DEPARTMENT operated a police department as part of and in conjunction with its municipal function.

61. At all times herein mentioned, the defendant NEW YORK CITY POLICE DEPARTMENT maintained said police department.

62. At all times herein mentioned, the defendant NEW YORK CITY POLICE DEPARTMENT managed said police department.

63. At all times herein mentioned, the defendant NEW YORK CITY POLICE DEPARTMENT controlled said police department.

64. At all times herein mentioned, it was the duty of the defendant NEW YORK CITY POLICE DEPARTMENT, its servants, agents, police officers, detectives, employees and/or personnel to provide for and/or ensure the safety, protection, security and well-being of peaceful and law-abiding citizens.

65. At all times herein mentioned, it was the duty of the defendant NEW YORK CITY POLICE DEPARTMENT, to sufficiently hire, train and retain within the Police Academy and at the Command, Precinct and Patrol levels so as to ensure that its servants, agents, police officers, detectives, employees and/or personnel provide for and/or ensure the safety, protection, security and well-being of persons who were in the presence, proximity, custody and/or control of the said police department, officers, detectives and/or personnel.

66. At all times herein mentioned, the defendant NEW YORK CITY POLICE DEPARTMENT had the duty to sufficiently hire, train and retain within the Police Academy and at the Command, Precinct and Patrol levels so as to ensure that the actions, activities and

-11-

FILED: NEW YORK COUNTY CLERK 02/15/2017 01:20 PM
NYSCEF DOC. NO. 1

INDEX NO. 151489/2017
RECEIVED NYSCEF: 02/15/2017

behavior of its said servants, agents, police officers, detectives and/or employees conform to a certain standard of conduct established by law for the protection of others against unreasonable risk of harm.

67.     At all times herein mentioned, the defendant NEW YORK CITY POLICE DEPARTMENT, had the duty to sufficiently hire, train and retain within the Police Academy and at the Command, Precinct and Patrol levels so as to ensure that its said servants, agents, police officers, detectives and/or employees conduct themselves in such a manner so as not to intentionally, wantonly and/or negligently result in injuries to others, including the plaintiff herein.

68.     At all times herein mentioned, the defendant NEW YORK CITY POLICE DEPARTMENT employed a police officer and/or officers named herein as "JOHN and JANE DOES 1-10", said names being fictitious and presently intended to represent individual officers of the New York City Police Department, persons intended being police officers and personnel of the New York City Police Department to work as representatives of NEW YORK CITY POLICE DEPARTMENT.

69.     At all times herein mentioned, the defendant NEW YORK CITY POLICE DEPARTMENT had the duty to sufficiently hire, train and retain within the Police Academy and at the Command, Precinct and Patrol levels so as to ensure that the actions, activities and behavior of said defendant police officer and/or officers named herein as "JOHN and JANE DOES 1-10", said names being fictitious and presently intended to represent individual officers of the New York City Police Department, persons intended being police officers and personnel of the New York City Police Department conform to a certain standard of conduct established by law for the protection of others against unreasonable risk of harm.

FILED: NEW YORK COUNTY CLERK 02/15/2017 01:20 PM
NYSCEF DOC. NO. 1

INDEX NO. 151489/2017
RECEIVED NYSCEF: 02/15/2017

70.    At all times herein mentioned, the defendant NEW YORK CITY POLICE DEPARTMENT, had the duty to sufficiently hire, train and retain within the Police Academy and at the Command, Precinct and Patrol levels so as to ensure that said defendant police officer and/or officers named herein as "JOHN and JANE DOES 1-10" said names being fictitious and presently intended to represent individual officers of the New York City Police Department, persons intended being police officers and personnel of the New York City Police Department conduct themselves in such a manner so as not to intentionally, wantonly and/or negligently result in injuries to others, including the plaintiff herein.

71.    At all times herein mentioned, the defendant NEW YORK CITY POLICE DEPARTMENT, its servants, agents and/or employees employed police officers, and other personnel, to work as representatives of NEW YORK CITY POLICE DEPARTMENT.

72.    At all times herein mentioned, the defendant NEW YORK CITY POLICE DEPARTMENT had the duty to ensure that the actions, activities and behavior of its said servants, agents, police officers, and/or employees conform to a certain standard of conduct established by law for the protection of others against unreasonable risk of harm.

73.    At all times herein mentioned, the defendant NEW YORK CITY POLICE DEPARTMENT, had the duty to ensure that its said servants, agents, police officers, and/or employees conduct themselves in such a manner so as not to intentionally, wantonly and/or negligently result in injuries to others, including the plaintiff herein.

74.    On the 10th day of May, 2016, the plaintiff TIMOTHY WHITE, was lawfully present at the premises of the defendant ESPOSITO REALTY LLC located at 358 West 38th Street, in the County, City and State of New York.

75.    On the 10th day of May, 2016, a certain police officer and/or officers of the police

department of the defendants THE CITY OF NEW YORK and/or NEW YORK CITY POLICE

DEPARTMENT, were present at/or near said premises of the defendant ESPOSITO REALTY

LLC located at 358 West 38th Street, in the County, City and State of New York.

76.     On the 10th day of May, 2016, the plaintiff TIMOTHY WHITE, was arrested

while he was present at/or near said premises of the defendant ESPOSITO REALTY LLC

located at 358 West 38th Street, in the County, City and State of New York.

77.     On the 10th day of May, 2016, the plaintiff TIMOTHY WHITE, was arrested by

the defendants JOHN and JANE DOE, said names being fictitious and intended to represent

individual officers of the New York City Police Department while he was present and/or in the

vicinity of said premises located at 358 West 38th Street, in the County, City and State of New

York.

78.     On the 10th day of May, 2016, the plaintiff TIMOTHY WHITE was arrested by

said police officer and/or officers herein while he was present and/or in the vicinity of said

premises of the defendant ESPOSITO REALTY LLC located at 358 West 38th Street, in the

County, City and State of New York.

79.     On the 10th day of May, 2016, the plaintiff was illegally, falsely and wrongfully

arrested by said defendants herein without probable or just cause, provocation or warrant.

80.     On the 10th day of May, 2016, the plaintiff was illegally, falsely and wrongfully

arrested by said defendants without probable or just cause or provocation, falsely accused of

crimes of which he was wholly innocent, and detained for an unreasonable period of time

thereafter until he was released.

81.     On the 10th day of May 2016, the plaintiff TIMOTHY WHITE, was wantonly,

intentionally, maliciously, illegally, repeatedly and brutally assaulted, attacked, beaten,

FILED: NEW YORK COUNTY CLERK 02/15/2017 01:20 PM
NYSCEF DOC. NO. 1

INDEX NO. 151489/2017
RECEIVED NYSCEF: 02/15/2017

handcuffed, punched, violently dropped and battered by said police officer, detectives and/or officers while he was present in the vicinity of 358 West 38th Street, in the County, City and State of New York.

82.     That the said police officer and/or officers were employees of the defendants THE CITY OF NEW YORK and/or NEW YORK CITY POLICE DEPARTMENT, and were acting within the scope of their employment for the said defendants.

83.     On the 10th day of May, 2016, the defendants THE CITY OF NEW YORK and/or NEW YORK CITY POLICE DEPARTMENT, by their servants, agents, police officers, captains and/or employees and personnel acting within the scope of their employment by the said defendants did falsely arrest the plaintiff and detain him without warrant, just cause or provocation.

84.     By reason of the foregoing, the plaintiff was caused to suffer severe and serious injuries and damages both physically and mentally, suffered grievous public harm, embarrassment, defamation of character, damage to his good name, credit, character and reputation, and plaintiff was subjected to extreme public humiliation, scorn, contempt, derision and ridicule.

85.     By reason of the foregoing, the plaintiff TIMOTHY WHITE was injured.

86.     The foregoing occurrences and the resulting injuries to the plaintiff were caused solely by reason of the carelessness, negligence, intentional infliction of emotional distress, abuse of process, excessive use of brutal force, and wrongful assault and battery on the part of the defendants, their servants, agents, police officers and/or employees, in violation of the plaintiff's Civil and Constitutional rights, and without any cause, provocation or negligence on the part of the plaintiff contributing thereto.

FILED: NEW YORK COUNTY CLERK 02/15/2017 01:20 PM
NYSCEF DOC. NO. 1

INDEX NO. 151489/2017
RECEIVED NYSCEF: 02/15/2017

87.     By reason of the foregoing, this plaintiff was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and plaintiff will be permanently caused to suffer pain, inconvenience and other effects of such injuries; plaintiff incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and plaintiff has suffered and in the future will necessarily suffer additional loss of time and earnings from employment; and plaintiff will be unable to pursue his usual duties with the same degree of efficiency as prior to this occurrence, all to his great damage.

88.     That heretofore, and on/or about June, 22, 2016, and within 90 days after the claim served upon arose, the plaintiff caused a Notice of Claim, in writing, sworn to by the plaintiff, containing the name and post office address of the plaintiff, and plaintiff's attorneys, the nature of the claim, the time when, the place where and the manner by which the claim arose, the items of damage and the injuries claimed to have been sustained, to be served upon the defendant THE CITY OF NEW YORK, by delivering a copy thereof to the person designated by law as a person to whom such claims may be served.

89.     That heretofore, and on/or about June 22, 2016 and within 90 days after the claim served upon arose, the plaintiff caused a Notice of Claim, in writing, sworn to by the plaintiff, containing the name and post office address of the plaintiff, and plaintiff's attorneys, the nature of the claim, the time when, the place where and the manner by which the claim arose, the items of damage and the injuries claimed to have been sustained, to be served upon the defendant NEW YORK CITY POLICE DEPARTMENT by delivering a copy thereof to the person designated by law as a person to whom such claims may be served.

FILED: NEW YORK COUNTY CLERK 02/15/2017 01:20 PM
NYSCEF DOC. NO. 1

INDEX NO. 151489/2017
RECEIVED NYSCEF: 02/15/2017

90.     More than thirty (30) days have elapsed since the aforesaid Notice of Claim were served on the said defendants.

91.     The defendants were negligent and have refused and neglected to adjust, settle and pay the same.

92.     This claim has been commenced and this action has been started within one year and ninety days after the happening of the event upon which the claim is based.

93.     All the conditions and requirements precedent to the commencement of this action have been complied with.

94.     An examination of the plaintiff has been conducted by the defendants in compliance with Section 50-H of the General Municipal Law.

95.     This action falls within one or more of the exceptions set forth in CPLR 1602.

96.     Pursuant to CPLR Section 1602(2)(iv), defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that defendants owed the plaintiff a non-delegable duty of care.

97.     Pursuant to CPLR Section 1602(7), defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that defendants acted with reckless disregard of the safety of others.

98.     Pursuant to CPLR Section 1602(2)(iv), the defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that said defendants are vicariously liable for the negligent acts and omissions of others who caused or

contributed to the plaintiff's damages.

99.    Pursuant to CPLR Section 1602(5) defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of CPLR Section 1601, by reason of the fact that defendants' wrongful conduct was intentional.

100.    Pursuant to CPLR Section 1602(11), defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that defendants acted knowingly or intentionally, and in concert, to cause the acts or failures which are a proximate cause of plaintiff's injuries.

101.    By reason of the foregoing, plaintiff TIMOTHY WHITE has been damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein.

AS AND FOR A THIRD CAUSE OF ACTION:

102.    Plaintiff repeats, reiterates and realleges each and every allegation as contained in the First and Second Causes of Action of the within Complaint, with the same force and effect as though each were more fully set forth at length herein.

103.    On the 10th day of May, 2016, and continuing for a prolonged period of time subsequently thereafter, the plaintiff TIMOTHY WHITE was caused, ordered, directed and compelled by the defendants herein, to be falsely, illegally and wrongfully arrested, detained, imprisoned, tightly handcuffed, searched, frisked, fingerprinted, photographed, processed as a common criminal, held at Central Booking, slandered, defamed, libeled, incarcerated, maliciously prosecuted and deprived of his rights and liberty for an unreasonable period of time

FILED: NEW YORK COUNTY CLERK 02/15/2017 01:20 PM
NYSCEF DOC. NO. 1

INDEX NO. 151489/2017
RECEIVED NYSCEF: 02/15/2017

until he was discharged, all without any just cause, warrant or provocation.

104.     By reason of the foregoing, the plaintiff was caused to sustain severe and serious injuries and damages, both mentally and physically, severe nervous shock, emotional distress and illness, was placed in a position of fear for his life and well-being, was subjected to extreme embarrassment, humiliation, scorn and ridicule, defamation of character, and was severely injured and damaged.

105.     By reason of the foregoing, the plaintiff has been damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION:

106.     Plaintiff repeats, reiterates and realleges each and every allegation as contained in the First, Second and Third Causes of Action of the within Complaint with the same force and effect as though each were more fully set forth at length herein.

107.     At all times herein mentioned, the defendants, their servants, agents, police officers, superintendent, directors, supervisors and/or employees intentionally, wantonly, maliciously and falsely prosecuted the plaintiff for the criminal charges of which they accused the plaintiff.

108.     At all times herein mentioned, the defendants, their servants, agents, police officers, superintendent, directors, supervisors and/or employees intentionally, wantonly, maliciously and falsely caused, compelled, ordered, directed and/or permitted the malicious prosecution of the plaintiff for the criminal charges of which they accused the plaintiff.

109.     At all times herein mentioned, the defendants, their servants, agents, police

FILED: NEW YORK COUNTY CLERK 02/15/2017 01:20 PM
NYSCEF DOC. NO. 1

INDEX NO. 151489/2017
RECEIVED NYSCEF: 02/15/2017

officers, superintendent, directors, supervisors and/or employees intentionally, wantonly and maliciously prosecuted and/or caused, compelled, ordered, directed and/or permitted the malicious prosecution of the plaintiff, as a common criminal, causing and/or compelling him to appear in public and in Court and falsely prosecuted the plaintiff.

110.   On/or about the 16th day of May, 2016, the said criminal charges against the plaintiff were dismissed by the Criminal Court of the City of New York, County of New York.

111.   By reason of the foregoing, the plaintiff has been damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION:

112.   Plaintiff repeats, reiterates and realleges each and every allegation as contained in the First, Second, Third and Fourth Causes of Action of the within Complaint with the same force and effect as though each were more fully set forth at length herein.

113.   The charges brought against the plaintiff by the defendants, were solely for the purpose of covering up and/or purportedly justifying the false, malicious, illegal and unconscionable arrest, imprisonment, malicious prosecution and abuse perpetrated upon the plaintiff by the defendants.

114.   The defendants herein intentionally, wantonly conspired and acted in collusion in bringing said charges against the plaintiff solely for the purpose of covering up and/or purportedly justifying the unconscionable abuse perpetrated upon the plaintiff by the defendants.

115.   By reason of the foregoing, the plaintiff was caused to sustain severe and serious injuries and damages, both mentally and physically, severe nervous shock, emotional distress and illness, was placed in a position of fear for his life and well-being, was subjected to extreme

FILED: NEW YORK COUNTY CLERK 02/15/2017 01:20 PM

NYSCEF DOC. NO. 1

INDEX NO. 151489/2017

RECEIVED NYSCEF: 02/15/2017

embarrassment, humiliation, scorn and ridicule, defamation of character, and was severely injured and damaged.

116.    By reason of the foregoing, the plaintiff has been damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION:

117.    Plaintiff repeats, reiterates and realleges each and every allegation as contained in the First, Second, Third, Fourth and Fifth Causes of Action of the within Complaint with the same force and effect as though each were more fully set forth at length herein.

118.    The defendants herein carelessly, negligently, wrongfully, wantonly, intentionally and maliciously targeted the plaintiff in an act of racial profiling, in connection with accusations, charges, wrongful termination from employment, slander, libel, arrest, detention, imprisonment and assault, due to his race.

119.    The said discriminatory actions and racial profiling on the part of the defendants herein, their agents, servants, police officers, employees and/or representatives, unfairly discriminated against individuals of color, in violation of Federal Civil Rights Laws, the Constitutions of the United States and of New York State.

120.    By reason of the foregoing, the plaintiff has suffered severe damages in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION:

121.    Plaintiff repeats, reiterates and realleges each and every allegation as contained in

FILED: NEW YORK COUNTY CLERK 02/15/2017 01:20 PM
NYSCEF DOC. NO. 1

INDEX NO. 151489/2017
RECEIVED NYSCEF: 02/15/2017

the First, Second, Third, Fourth, Fifth and Sixth Causes of Action of the within Complaint with the same force and effect as though each were more fully set forth at length herein.

122.    At all times herein mentioned, the defendants negligently failed to provide for the safety, security, civil rights and protection of the plaintiff.

123.    At all times herein mentioned, the defendants negligently failed to prevent the within incidents of extraordinary abuse of process by their servants, agents, police officers, superintendent, directors, supervisors and/or employees who were acting within the course and scope of their employment for the said defendants herein.

124.    By reason of the foregoing, the plaintiff was injured.

125.    The foregoing occurrences and the resulting injuries to the plaintiff were caused solely by reason of the carelessness, negligence, failure to provide for the safety, security and protection, lack of supervision and wanton and willful disregard on the part of the defendants, and without any negligence on the part of the plaintiff contributing thereto.

126.    By reason of the foregoing, plaintiff has been damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION:

127.    Plaintiff repeats, reiterates and realleges each and every allegation as contained in the First, Second, Third, Fourth, Fifth, Sixth and Seventh Causes of Action of the within Complaint with the same force and effect as though each were more fully set forth at length herein.

128.    At all times herein mentioned, it was the duty of the defendants THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT their servants, agents and/or

-22-

FILED: NEW YORK COUNTY CLERK 02/15/2017 01:20 PM

NYSCEF DOC. NO. 1

INDEX NO. 151489/2017

RECEIVED NYSCEF: 02/15/2017

employees to select and screen for hiring for retention or discharge as employees those who are not fit, suitable, properly trained and instructed, constituting a potential menace, hazard or danger to the public or otherwise, those with vicious propensities and those with emotional, physical, psychological and/or physiological traits or characteristics or unsuitable or unstable or contraindicated for such employment.

129.    At all times herein mentioned, it was the duty of the said defendants to train, discipline, supervise, promulgate and put into effect appropriate rules applicable to the duties, activities and behaviors of their servants, agents, police officers, superintendent, directors, supervisors and/or employees.

130.    By reason of the negligence of the defendants in hiring, monitoring and retention of said servants, agents, police officers, superintendent, directors, supervisors and/or employees with knowledge of the unsuitable, unstable and unfitness to act and serve and unfitness to continue to act and serve as employees by reason of the defendants' breach of said duties, the plaintiff was caused to suffer severe injuries and damage, without fault or want of care on the part of the plaintiff in any way contributing thereto, thereby causing him extreme physical, mental and emotional illness and distress, as well as severe physical, mental and emotional injuries which are permanent in nature and duration.

131.    By reason of the foregoing, plaintiff has been damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action.

### AS AND FOR A NINTH CAUSE OF ACTION:

132.    Plaintiff repeats, reiterates and realleges each and every allegation as contained in the First, Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth Causes of Action of the within

FILED: NEW YORK COUNTY CLERK 02/15/2017 01:20 PM

NYSCEF DOC. NO. 1

INDEX NO. 151489/2017

RECEIVED NYSCEF: 02/15/2017

Complaint with the same force and effect as though each were more fully set forth at length herein.

133.    At all times herein mentioned, the defendants negligently failed to provide for the safety, security and protection of the plaintiff.

134.    At all times herein mentioned, the defendants negligently failed to prevent the within incidents of extraordinary violence and use of excessive force by police officers, detectives and/or personnel who were acting within the course and scope of their employment for the said defendants herein, in violation of plaintiff's civil rights under 42 U.S.C. Section 1983.

135.    By reason of the foregoing, the plaintiff was injured.

136.    The foregoing occurrences and the resulting injuries to the plaintiff were caused solely by reason of the carelessness, negligence, failure to provide for the safety, security and protection, lack of supervision and wanton and willful disregard on the part of the defendants, and without any negligence on the part of the plaintiff contributing thereto.

137.    By reason of the foregoing, plaintiff has been damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action.

<u>AS AND FOR A TENTH CAUSE OF ACTION:</u>

138.    Plaintiff repeats, reiterates and realleges each and every allegation as contained in the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth and Ninth Causes of Action of the within Complaint with the same force and effect as though each were more fully set forth at length herein.

139.    All of the foregoing and the abuse of process by the defendants herein, their

FILED: NEW YORK COUNTY CLERK 02/15/2017 01:20 PM
NYSCEF DOC. NO. 1

INDEX NO. 151489/2017
RECEIVED NYSCEF: 02/15/2017

servants, agents, police officers, detectives and/or employees were in wanton, intentional and malicious disregard for the life, health, safety, freedom, protection, rights and well-being of the plaintiff.

140.    By reason of the foregoing, this plaintiff has been damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION:

141.    Plaintiff repeats, reiterates and realleges each and every allegation as contained in the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth and  Tenth Causes of Action of the within Complaint with the same force and effect as though each were more fully set forth at length herein.

142.    The foregoing occurrences and the resulting injuries to the plaintiff were caused solely by reason of the carelessness, negligence, intentional infliction of emotional distress, abuse of process, excessive use of brutal force and wrongful assault and battery on the part of the defendants, their servants, agents, police officers, and/or employees, in violation of the plaintiff's Civil and Constitutional rights, and without any cause, provocation or negligence on the part of the plaintiff contributing thereto, in violation of plaintiff's civil rights under 42 U.S.C. Section 1983.

143.    By reason of the foregoing, plaintiff has been damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action.

## AS AND FOR A TWELFTH CAUSE OF ACTION:

144.    Plaintiff repeats, reiterates and realleges each and every allegation as contained in

FILED: NEW YORK COUNTY CLERK 02/15/2017 01:20 PM
NYSCEF DOC. NO. 1

INDEX NO. 151489/2017
RECEIVED NYSCEF: 02/15/2017

the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth and Eleventh Causes of Action of the within Complaint with the same force and effect as though each were more fully set forth at length herein.

145.    The defendants did carelessly, negligently, intentionally and maliciously arrest, detain, imprison and interrogate the plaintiff herein for the purpose of covering up and/or purportedly justifying the unconscionable actions, abuse of process, beating and abuse perpetrated upon the plaintiff by the defendants.

146.    By reason of the foregoing, the plaintiff was caused to sustain severe and serious injuries and damages, both mentally and physically, severe nervous shock, emotional distress and illness, was placed in a position of fear for his life and well-being, was subjected to extreme embarrassment, humiliation, scorn and ridicule, defamation of character, and was severely injured and damaged.

147.    By reason of the foregoing, the plaintiff has been damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION:

148.    Plaintiff repeats, reiterates and realleges each and every allegation as contained in the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh and Twelfth Causes of Action of the within Complaint with the same force and effect as though each were more fully set forth at length herein.

149.    By reason of all of the foregoing, the plaintiff suffered serious injury due to the deprivation of plaintiff's rights under the Constitution, created by a deliberate indifference to the plaintiff's rights, by policy-level decision on the part of the defendants THE CITY OF NEW

FILED: NEW YORK COUNTY CLERK 02/15/2017 01:20 PM          INDEX NO. 151489/2017
NYSCEF DOC. NO. 1                                          RECEIVED NYSCEF: 02/15/2017

YORK and NEW YORK CITY POLICE DEPARTMENT to act, or fail to act.

150.  The defendants engaged in a policy, regimen, routine or custom of deliberate indifference so widespread and ingrained as to "have the force of law."

151.  By reason of all of the foregoing, the plaintiff suffered serious injury due to the deprivation of rights under the Constitution, created by such regimen, routine and custom of deliberate indifference to the plaintiff's rights, by policy-level decision on the part of said defendants to act, or fail to act.

152.  By reason of all of the foregoing, the plaintiff brings a Monell Claim for serious injury and damages she suffered as a result of the deliberate indifference and heightened level of culpability on the part of the defendants herein.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION:

153.  Plaintiff repeats, reiterates and realleges each and every allegation as contained in the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, Twelfth and Thirteenth Causes of Action of the within Complaint with the same force and effect as though each were more fully set forth at length herein.

154.  At all times herein mentioned, it was the duty of the defendant ESPOSITO REALTY LLC to hire, furnish and provide competent, qualified, skilled, experienced, trained and diligent persons to act as superintendent, servants, agents and/or employees performing, work, labor and services relative to the safety, security and protection of persons lawfully present upon said premises, including the plaintiff herein.

155.  At all times herein mentioned, it was the duty of the said defendant to train, discipline, supervise, promulgate and put into effect appropriate rules applicable to the duties, activities and responsibilities of its said superintendent, servants, agents, employees and/or

FILED: NEW YORK COUNTY CLERK 02/15/2017 01:20 PM
NYSCEF DOC. NO. 1

INDEX NO. 151489/2017
RECEIVED NYSCEF: 02/15/2017

personnel.

156.   At all times herein mentioned, the said defendant ESPOSITO REALTY LLC failed to hire, furnish and provide competent, qualified, skilled, experienced, trained and diligent persons to act as superintendent, servants, agents and/or employees performing, work, labor and services relative to the safety, security and protection of persons lawfully present upon said premises.

157.   At all times herein mentioned, the said  defendant failed to train, discipline, supervise, promulgate and put into effect appropriate rules applicable to the duties, activities and responsibilities of its said superintendent, servants, agents, employees and/or personnel performing work, labor and services upon said premises, including the defendant, SUPERINTENDENT "JOHN ROE", said name being fictitious and unknown.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION:

158.   Plaintiff repeats, reiterates and realleges each and every allegation as contained in the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, Twelfth, Thirteenth and Fourteenth Causes of Action of the within Complaint with the same force and effect as though each were more fully set forth at length herein.

159.   By reason of all of the foregoing, the defendants acted maliciously and were guilty of wanton and willful disregard of the rights, well-being and safety of the plaintiff herein, and by reason thereof, the plaintiff demands exemplary and punitive damages.

FILED: NEW YORK COUNTY CLERK 02/15/2017 01:20 PM

NYSCEF DOC. NO. 1

INDEX NO. 151489/2017

RECEIVED NYSCEF: 02/15/2017

WHEREFORE, plaintiff demands judgment against the defendants, the amount sought on each cause of action exceeding the monetary jurisdictional limits of any and all lower courts which would otherwise have jurisdiction herein, together with the costs and disbursements of this action, and with interest from the date of this accident.

Dated: New York, New York
       February 14, 2017

Yours, etc.,

THE COCHRAN FIRM
Attorneys for Plaintiff

By
RUDYARD F. WHYTE
55 Broadway, 23rd Floor
New York, NY 10279
Tel No.: (212) 227-9760
Fax No.:   (212) 227-8763
rwhyte@cochranfirm.com

-29-

FILED: NEW YORK COUNTY CLERK 02/15/2017 01:20 PM          INDEX NO. 151489/2017
NYSCEF DOC. NO. 1                                          RECEIVED NYSCEF: 02/15/2017

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK   )
                   ).SS:
COUNTY OF NEW YORK)

The undersigned, an attorney, duly admitted to practice law in the Courts of the State of New York, and hereby deposes and states that:

I am a partner with THE COCHRAN FIRM, attorneys for the plaintiff in the above action. I have read the annexed **COMPLAINT** and know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following: investigation, interviews with client, records, reports, documents, correspondence, data, memoranda, etc., contained in the file.

The reason I make this verification instead of plaintiff, is that the plaintiff reside out of the County of New York, wherein I maintain my offices.

I affirm that the foregoing statements are true under the penalties of perjury.

Dated: New York, New York
February 14, 2017

RUDYARD F. WHYTE

-30-